# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael E. Wolfe, #346590, | ) C/A No. 4:18-1350-RBH-TER |
| Plaintiff, | ) |
| | ) ORDER |
| vs. | ) |
| | ) |
| Nfn. Rynolds, | ) |
| Nfn. Sharp, | ) |
| Nfn. Rogers, | ) |
| Nfn. McCullough, | ) |
| Nfn. Richardson, et al., | ) |
| Defendants. | ) |

This is a civil action filed by a state prisoner. The original complaint had been fully authorized for service on all defendants. Plaintiff has filed a number of motions.

On July 26, 2018, Plaintiff filed a Motion for Reconsideration(ECF No. 21) of the denial(ECF No. 9) of a prior Motion for Appointment of Counsel(ECF No. 3). Plaintiff alleges he is a mental health patient, diagnosed with several impairments, and is on medication which impairs his ability to litigate. Plaintiff alleges another prisoner assists him in his filings. Plaintiff alleges he has limited access to the law library. There is no right to appointed counsel in § 1983 cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff in his motion has not shown that any exceptional circumstances exist in this case. Plaintiff's dependence on another inmate does not require appointment of counsel. In another case, this court denied the appointment of counsel where a plaintiff depended on other inmates because the plaintiff there did not show how his reliance on others had hindered his ability to prosecute his case. *Campbell v. Powers*, No. 4:08-2245-HFF-TER, 2009 WL 2777694, n.3 (Aug. 31, 2009). As to Plaintiff's mental health allegations, the court observes that upon review of the file, his filings thus far demonstrate a capacity to present his claims. Further, no evidence has been presented supporting a finding that any mental health issues would interfere with his ability to prosecute his claims. Accordingly, Plaintiff's request for a discretionary appointment of counsel framed as a motion to reconsider is **DENIED**. (ECF No. 21).

On August 3, 2018, Plaintiff filed a Motion for preliminary injunction (ECF No. 28). Plaintiff alleges his mail is being tampered with and requests a hearing. Defendants who have been served have responded. (ECF No. 31). Plaintiff does not request any injunctive relief directed towards any Defendants in this action. Therefore, this motion is denied as an improper motion.

On August 20, 2018, Plaintiff filed a Motion to Amend the Complaint and attached a proposed amended complaint. This Motion is **granted**. (ECF No. 40). Defendants upon whom service has already been executed are directed to file an answer to the Amended Complaint in accordance with the deadlines under the Federal Rules of Civil Procedure. Upon receipt of new information as discussed below, any further service of the Amended Complaint may be authorized by the court at a later date upon Defendants who have not yet had service of the original complaint executed upon them and upon an additional defendant named by Plaintiff. The court has received an additional summons and 285 for Defendant Delp.

On August 20, 2018, Plaintiff filed a Motion for extension of time to file a response to the Answer to the Complaint filed by some Defendants. (ECF No. 36). This motion is **denied** as improper. A response to an answer is not a required filing. Moreover, another answer will be required of Defendants since an Amended Complaint has been filed.

On August 20, 2018, Plaintiff filed a Motion for information for service. (ECF No. 43). Plaintiff appears to anticipate that summons will return unexecuted on Defendants Richardson and Rogers; summonses have returned unexecuted on Defendants Kline and O'Neal. Plaintiff has also added additional Defendant Delp. (ECF No. 40). To the extent the served Defendants have knowledge of proper addresses in which to personally serve Defendants Kline, O'Neal, Richardson, Rogers, and Delp, the court orders Defendants, who have entered an appearance, to file under seal said addresses with the court within 15 days of this Order. The motion is **granted in part and denied in part.**

**Counsel for Defendants whom have been served are further directed to inform the court and Plaintiff within 10 days of the date of this order if they will accept service of the Amended Complaint on behalf of any of the following Defendants: Kline, O'Neal, Richardson, Rogers, and Delp**.

IT IS SO ORDERED.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 20, 2018
Florence, South Carolina

2