UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Michael E. Wolfe, | ) | Civil Action No.: 4:18-cv-01350-RBH-TER |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nfn. Rynolds, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

This matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III, who recommends denying Plaintiff's motion for a preliminary injunction.[1] *See* ECF No. 102.

**<u>Standard of Review</u>**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), and he reviewed Petitioner's pro se filings pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[2]

Plaintiff, a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 against numerous prison officials asserting various constitutional claims. He has filed a motion for a preliminary injunction, *see* ECF No. 79, and the Magistrate Judge has entered an R & R recommending denying the motion. *See* ECF No. 102. Plaintiff has filed objections to the R & R, as well as a renewed motion for a preliminary injunction. *See* ECF Nos. 125, 146, & 163. Defendants have filed a response to Plaintiff's objections. *See* ECF No. 139.

"A preliminary injunction is an extraordinary remedy intended to protect the status quo and prevent irreparable harm during the pendency of a lawsuit," *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017), and one "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see generally* Fed. R. Civ. P. 65(a). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. A

---

[2] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.

2

court need not address all four *Winter* factors if one is not satisfied. *Henderson for Nat'l Labor Relations Bd. v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th Cir. 2018).

The Prison Litigation Reform Act grants federal courts the authority to order preliminary injunctive relief in civil actions concerning prison conditions. *See* 18 U.S.C. § 3626(a)(2). However, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." *Id.* "The [C]ourt shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity [with state and local law] in tailoring any preliminary relief." *Id.*

As the Magistrate Judge explains, Plaintiff is incarcerated at Perry Correctional Institution and alleges officials at the South Carolina Department of Corrections are administering a "communications program" via a "black circular filmy substance" in the food given him. *See* ECF Nos 79 & 163. Plaintiff apparently believes this "program" allows prison officials to obtain nonverbal information from him. *Id.* He seeks an injunction preventing prison officials from feeding him this "program," states he will eat white rice and bread until his release, and asks to be placed on "statewide protective custody." ECF No. 79 at p. 9.

Traditionally, preliminary injunctions are prohibitory in nature and designed "to protect the status quo and to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir. 2003); *see Pashby v. Delia*, 709 F.3d 307, 319 (4th Cir. 2013). In contrast, a mandatory preliminary injunction—which Plaintiff seeks in this case—compels immediate action, does not preserve the status quo, and should only be granted in "circumstances when the exigencies of

3

the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) (prison conditions case). "The authority of the district court judge to issue a preliminary injunction, especially a mandatory one[,] should be sparingly exercised." *Id.*

The Court finds Plaintiff is not entitled to mandatory preliminary injunctive relief compelling prison officials to immediately alter the status quo of his alleged conditions at Perry Correctional Institution. Having reviewed the record, the Court concludes Plaintiff has not made a *clear* showing that he is likely to succeed on the merits or suffer irreparable harm in the absence of preliminary relief. In so finding, the Court adheres to the well-established principle "that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities." *Taylor v. Freeman*, 34 F.3d 266, 268 (4th Cir. 1994); *see also Cantley v. W. Virginia Reg'l Jail & Corr. Facility Auth.*, 771 F.3d 201, 207 (4th Cir. 2014) ("A court should not impose an injunction lightly, as it is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." (internal quotation marks omitted)). This case does not present an extraordinary circumstance warranting immediate injunctive relief, and therefore the Court cannot issue a preliminary injunction.[3]

## Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R [ECF No. 102] and **DENIES**

---

[3] Although the Court need not consider the equities and the public interest because Plaintiff has failed to make a clear showing regarding success on the merits and irreparable harm, *see Henderson*, 902 F.3d at 439 (stating a court need not address all *Winter* factors if a party fails to satisfy one or more), the Court nevertheless notes he has not shown the equities weigh in his favor. *See, e.g.*, *Wetzel*, 635 F.2d at 288 ("The possible injury to the [prison administrators] if the preliminary injunction stands is potentially grave."). Finally, Plaintiff cannot justify the public harm that would occur if the Court were to usurp prison administrators' decisions—regarding important issues such as Plaintiff's food provisions—based on the extraordinary allegations made by Plaintiff.

Plaintiff's motion for a preliminary injunction [ECF No. 79] and renewed motion for a preliminary injunction [ECF No. 163].

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
January 18, 2019  R. Bryan Harwell
United States District Judge