IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Michael E. Wolfe, ) | |
| ) | C/A No. 4:18-1350-TMC-TER |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Nfn. Rynolds, et.al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Michael E. Wolfe, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1).[1] On March 13, 2019, Magistrate Judge Thomas E. Rogers, III, issued a Report and Recommendation ("Report") recommending that Plaintiff's motions for preliminary injunction (ECF Nos. 184 and 218) be denied. (ECF No. 240).[2] Plaintiff was advised of his right to file objections to the Report. (ECF No. 240-1). Plaintiff filed objections to the Report. (ECF No. 271).[3]

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but

---

[1] This case was reassigned to the undersigned on March 7, 2019. (ECF No. 201).

[2] In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge.

[3] The court notes that, in his objections, Plaintiff requests copies of certain documents. (ECF No. 271 at 3). The Clerk of Court will handle those requests.

instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The court notes that Plaintiff's objections were not timely filed. Plaintiff's objections were due April 22, 2019. (ECF No. 240).[4] Plaintiff's objections are dated April 17, 2019, (ECF No. 271 at 2), but Plaintiff himself acknowledges that the objections were delayed because the prison law library was not "punctual," *id.* at 1. Moreover, the prison mailroom stamp shows the objections as having been received by the prison mailroom on April 24, 2019. (ECF No. 271-1 at 1).[5] While Plaintiff dated the objections April 17th, he did not certify under the penalty of perjury that he placed his objections in the mail on that date. *See United States v. Palacios*, 724 Fed. App'x 248 (4th Cir. 2018) ("Both a litigant's certification and evidence such as a date stamp may be used to determine the timeliness of a prisoner's notice of appeal."). Accordingly, the court finds the objections untimely. However, even if the court were to find Plaintiff's

---

[4]Plaintiff's objections were due by April 18, 2019. (ECF No. 240). Because Plaintiff was served the Report by mail, he had an additional three days to file objections or until April 21, 2019. *Id.* As April 21st was a Sunday, Plaintiff had until April 22nd to file his objections.

[5]Pursuant to the holding in *Houston v. Lack*, 487 U.S. 266 (1988), in prisoner cases, a filing is deemed filed when the prisoner places the document in the prison mail system.

objections timely, the court agrees with the Magistrate Judge that Plaintiff's motions for preliminary injunction should be denied.[6]

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report (ECF No. 240) and incorporates it herein. Accordingly, Plaintiff's motions for Preliminary Injunction (ECF Nos. 184 and 218) are **DENIED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
April 30, 2019

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 \ of the Federal Rules of Appellate Procedure.

---

[6]Plaintiff has previously filed two motions for preliminary injunction (ECF No. 79 and 163), which were denied (ECF No.166). Additionally, while the current motions for preliminary injunction have been pending, Plaintiff has filed two more motions for preliminary injunction (ECF Nos. 250 and 267).