IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Michael E. Wolfe, | ) | |
| | ) | C/A No. 4:18-1350-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NFN Reynolds, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Michael E. Wolfe, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his Eight Amendment rights. (ECF No. 1). On April 11, 2019, Plaintiff filed a motion for a preliminary injunction. (ECF No. 250). On May 31, 2019, Magistrate Judge Thomas E. Rogers, III, issued a Report and Recommendation ("Report") recommending that Plaintiff's motion for a preliminary injunction (ECF No. 250) be denied. (ECF No. 339).[1] Plaintiff was advised of his right to file objections to the Report (ECF No. 339-1), and he timely filed objections to the Report. (ECF No. 367).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to

---

[1] In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge.

accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Plaintiff filed this motion for a preliminary injunction on April 11, 2019 (ECF No. 250), Defendants filed a response opposing the motion on April 18, 2019 (ECF No. 259), and Plaintiff filed a reply on May 6, 2019 (ECF No. 285). The magistrate judge entered a Report on May 6, 2019, (ECF No. 283), but vacated that Report the next day based on Plaintiff's reply (ECF No. 288), which was docketed late in the day on May 6th (ECF No. 285). The magistrate judge directed that Defendants inform the court whether Plaintiff was in statewide protective custody (ECF No. 288). Defendants responded on May 10, 2019 (ECF No. 295), and subsequently supplemented their response on May 23, 2019. (ECF No. 320). Plaintiff also filed a response to the magistrate judge's order. (ECF No. 338).

In his motion for a preliminary injunction, Plaintiff states he is currently being housed at McCormick Correctional Institution ("MCI") in the Adjustment Program. (ECF No. 250 at 1). He contends that he is in danger because of threats by the Crips, and he seeks to be placed in statewide protective custody. *Id.* In response to the magistrate judge's order, Defendants state that Plaintiff is currently being housed in the Adjustment Program at MCI and was going to be transferred to the Restorative Unit in the near future. (ECF No. 295 at 2). Defendants

2

subsequently supplemented their response with an affidavit from Dennis Patterson, the Assistant Director of Operation at the South Carolina Department of Correction ("SCDC"). (ECF No. 320-1). In his affidavit, Patterson avers that Plaintiff was transferred to the Restorative Unit at Lieber Correctional Institution ("LCI"), where inmates are separated from other inmates as in the Adjustment Unit, but also receive more mental health treatment. *Id.* at 2

In his Report, the magistrate judge first sets out the standard for granting preliminary injunctive relief pursuant to *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). (ECF No. 339 at 5-6).[2] The magistrate judge then addresses Plaintiff's motion and concludes that Plaintiff has failed to demonstrate that he has meet all four of the *Winter* prongs. *Id.* at 6-7. Accordingly, he recommends that the court deny Plaintiff's motion. *Id*. at 7.

In his objections, Plaintiff states that he was transferred to LCI, but after twenty days, he was then transferred to the Broad River Correctional Institution ("BRCI"). (ECF No. 367 at 1). Plaintiff references another motion for preliminary injunction dated May 27, 2019, and he asks the court to review that motion. *Id.* Reviewing the docket, there is not a motion for preliminary injunction dated May 27, 2019. Other than the instant motion, there are two pending motions for a preliminary injunction - one dated May 10, 2019 and the other dated May 14, 2019. (ECF Nos. 302, 315). There is a filing from Plaintiff dated May 27, 2019, in which he states he is filing a motion in concert with his preliminary injunction motion filed on May 11, 2019. (ECF No. 338 at 2). He refers numerous times to docket entry number 325, which is Defendants'

---

[2]*Winter* requires that Plaintiff demonstrate that he is likely to succeed on the merits, the balance of equities tips in his favor, an injunction is in the public interest, and that he will suffer irreparable harm. *Winter,* 555 U.S. at 20.

response to Plaintiff's pending motion for preliminary injunction. (ECF No. 302). He also refers to "Exhibits VVV, ZZZ, $A^4$, $B^4$, $C^4$, $D^4$, $E^4$, $F^4$, $G^4$, $H^4$ and Entry 79-1" as being "of substantial importance and relevance." *Id.* at 1. The court has reviewed the extensive docket in this case and located the exhibits labeled VVV, ZZZ, $A^4$, $B^4$, $C^4$, $D^4$, $E^4$, $F^4$, $G^4$, and $H^4$. (ECF No. 338-1 at 1-14). These exhibits are Plaintiff's own declaration and the declarations of seven SCDC inmates who aver that Plaintiff was a member of the "Rollin 90s Crip Gang," is at risk of injury from gang members, and needs to be permanently placed in statewide protective custody. *Id.* Plaintiff states that he is not safe in any program "except for statewide protective custody at McCormick's RHU (lock-up) A Side." *Id.* at 10. In his motion, Plaintiff stated that he was unsafe at MCI, and he sought to be transferred from MCI to Perry Correctional Institution. (ECF No. 250 at 1). Plaintiff now clarifies that he was unsafe being housed at MCI RHU - B Side. (ECF No. 338 at 2). The court has also reviewed Plaintiff's affidavit (ECF No. 369) and the numerous letters Plaintiff has written to the court, which he has entitled "Letter[s] to the Courts Regarding Plaintiff's Need for Injunctive Relief." (ECF Nos. 381, 383, 384, 387, 398).

Plaintiff does not specifically object to any of the findings which the magistrate judge made regarding whether Plaintiff has met the standard for granting a motion for injunctive relief. The court has reviewed the motion and the Report, and finds Plaintiff's objections to be without merit. The Supreme Court in *Winter* made clear that each of the four factors must be satisfied to obtain preliminary injunctive relief. *Winter*, 555 U.S. at 20. And, as the magistrate judge determined, Plaintiff has not met this standard required for the granting of injunctive relief. Moreover, the court adheres to the well-established principle "that absent the most extraordinary

circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities." *Taylor v. Freeman*, 34 F.3d 266, 268 (4th Cir. 1994); *see also Cantley v. W. Virginia Reg'l Jail & Corr. Facility Auth.*, 771 F.3d 201, 207 (4th Cir. 2014) ("A court should not impose an injunction lightly, as it is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." (internal quotation marks omitted)). This case does not present an extraordinary circumstance warranting immediate injunctive relief, and, therefore, the court denies Plaintiff's motion for a preliminary injunction.

Based on the foregoing, the court adopts the Magistrate Judge's Report (ECF No. 339), and incorporates it herein. Accordingly, Plaintiff's Motion for a Preliminary Injunction (ECF No. 250) is **DENIED.**

**IT IS SO ORDERED.**

    s/Timothy M. Cain
    United States District Judge

Anderson, South Carolina
July 19, 2019

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.