IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Michael E. Wolfe, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NFN Reynolds, Warden at Lee Correctional )<br>Institution ("C.I."); NFN Sharp, Associate )<br>Warden at Lee C.I.; NFN Rogers, (Captain) )<br>Unit Manager of RHU at Lee C.I.; NFN )<br>McCullough, (Captain) Unit Manager of )<br>RHU at Lee C.I.; NFN Richardson, (Captain) )<br>Unit Manager of RHU at Lee C.I.; NFN )<br>Greg, Lieutenant of RHU at Lee C.I.; NFN )<br>O'Neal, Sergeant of RHU at Lee C.I. )<br>(Dismissed Party); NFN Moore, Sergeant of )<br>RHU at Lee C.I.; NFN Moses, Sergeant of )<br>RHU at Lee C.I.; Phoebee Sharpe, Human )<br>Services Coordinator at Lee C.I.; Rosa )<br>Privette, Human Services Coordinator at Lee )<br>C.I.; NFN Clark, Major of Security at Lieber )<br>C.I.; NFN Mack, (Captain) Unit Manager of )<br>Ashley Unit at Lieber C.I.; NFN Briteheart, )<br>(Captain) Unit Manager of RHU at Lieber )<br>C.I.; NFN Grant, Lieutenant of RHU at )<br>Lieber C.I.; NFN Kline, Sergeant of RHU at )<br>Lieber C.I. (Dismissed Party); NFN Kinerly, )<br>Sergeant of RHU at Lieber C.I.; Jamie Rice, )<br>Human Services Coordinator at Lee C.I.; )<br>NFN Delp, Classification over RHU at Lee )<br>C.I.; NFN Smith, Lieutenant (Contraband) at )<br>Lee C.I.; NFN Hastings, Sergeant )<br>(Contraband) at Lee C.I.; and NFN Williams, )<br>Captain (Unit Manager) at Lieber C.I., )<br>)<br>Defendants. )<br>) | Case No.: 4:18-cv-01350-JD<br><br><br><br>**OPINION & ORDER** |

This matter is before the Court with the Report and Recommendation of United States Magistrate Thomas E. Rogers, III ("Report and Recommendation" or "Report"), made in

1

accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina.[1] Plaintiff Michael E. Wolfe ("Wolfe" or "Plaintiff") filed this lawsuit alleging civil rights violations pursuant to 42 U.S.C. § 1983 while housed at Lee Correctional Institution ("Lee") and Lieber Correctional Institution ("Lieber"). Plaintiff's civil rights claims allege *inter alia* medical indifference to his mental, physical, and emotional health. Moreover, Plaintiff asserts he was denied medical or psychological treatment during extended periods of isolation or solitary confinement in addition to the deprivation of clothing and other basic necessities resulting in cruel and unusual punishment.

Defendants Brightharp, Clark, Delp, Grant, Gregg, Hastie, Kinnery, Mack, McCullough, Moore, Moses, Privette, Rice, Rogers, Reynolds, Sharp, Sharpe, Smith and Williams (hereinafter "Defendants") have filed a motion for summary judgment (DE 493), and Defendant Richardson has separately filed a motion for summary judgment (DE 494). The Defendants and Defendant Richardson contends *inter alia* that this action should be dismissed for failure to exhaust administrative remedies, and Defendants assert that to the extent Plaintiff alleges excessive use of force, he fails to state a claim under §1983. For the reasons set forth below, the Court adopts the Report and Recommendation and grants the Defendants and Defendant Richardson's motions for summary judgment, in part, and denies, in part, as provided herein.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## BACKGROUND

A full recitation of Plaintiff's allegations is set forth in the Report and Recommendation, which the Court adopts. However, given the single objection raised by Defendants, the objections by Wolfe, and for the sake of brevity, the following simplification of facts is sufficient for the matters addressed herein. Plaintiff alleges that from June 2016 through February 2017, he was in lock-up at Lee. On or about June 13, 2016, Plaintiff was seeking and receiving medical attention at Lee when he complained to medical personnel that he feared for his safety and openly complained about the competency of officer McCullough and others. Plaintiff asserts he had a reasonable fear that he was in danger of harm from other inmates. Afterwards, Plaintiff claims he was shoved to the ground and hog-tied in chains by McCullough, Gregg, Moore and Moses and was carried by the chains to a restricted housing unit ("RHU"). Upon arrival in RHU, supervisor Rogers directed the correction officers to strip him and throw him in a crisis intervention ("CI") cell. Plaintiff claims he was stripped completely naked and was refused the most basic necessities and deprived of clothing, toiletries, a mattress, and a blanket. Also, Plaintiff claims that he could not move in the cell without getting his feet wet and saturated. The CI cell contained only concrete and steel surfaces and was constantly wet with a high volume of cold air blowing at all times directly on Plaintiff. As a result, Plaintiff claims he suffered injuries and permanent physical damage to his left foot.

Further, due to Plaintiff's affiliation with a gang inside prison, he was transferred to Lieber in May 2017, and he was initially placed in RHU for safety concerns. Plaintiff claims the Lieber Defendants forcibly and violently and with excessive force removed Plaintiff from RHU, denying him an emergency protective custody hearing. Ultimately, Plaintiff was returned to Lieber RHU due to threats on his life and placed on crisis intervention for a period of 52 consecutive days in which Plaintiff was allowed only a suicide vest for clothing. Plaintiff alleges that the prison conditions were cruel and unusual forms of

3

punishment, which caused Plaintiff to experience extreme mental and emotional suffering and aggravated his physical health and other injuries. Although the incident at Lieber allegedly happened on or about July 1, 2016, Plaintiff did not submit his grievance until March 7, 2018. In the response from the grievance coordinator, it was noted that while Plaintiff stated he attempted an informal resolution but was not able to submit it because it was in his legal work that was lost; and therefore, Plaintiff went past the policy allowed time frame to file the grievance on the alleged incident at Lieber. Consequently, not only was the Step One grievance untimely, but Plaintiff failed to file a Step Two grievance following the response from the Inmate Grievance Coordinator dated March 9, 2018.

Defendants filed an objection to the Report and Recommendation on July 9, 2021 (DE 513), and Wolfe[2] filed objections to the Report on July 12, 2021. (DE 513.)

## LEGAL STANDARD

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

---

[2]     Although Wolfe is represented by counsel, he filed a *pro se* objection to the Report and Recommendation.

## DISCUSSION

The Report and Recommendation issued on June 25, 2021, recommends Defendants' motion for summary judgment (DE 493) be granted with respect to the Lieber Defendants, Clark, Mack, Brightharp, Grant, Kline, Kinnery, Rice, and Williams, because Plaintiff failed to exhaust his administrative remedies. In addition, the Report recommends granting Lee Defendants, Reynolds, Sharp, O'Neal, Sharpe, Delp, Smith, and Hastie, and Defendant Richardson's motions for summary judgment because Plaintiff has not alleged any personal involvement of these Defendants. Wolfe objects to the Report asserting that his facts in support of his claims against Defendant Richardson and his exhaustion "unavailability" defense were detailed in his complaint. Wolfe's *pro se* objection does not comport with the standard of review for summary judgment. Summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "We noted Rule 56(e)'s provision that a party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Since Wolfe's objections rest on his assertions in his pleading, his objections are without merit. Further, to assert a plausible § 1983 claim against any particular state actor, a "causal connection" must exist between the conduct alleged by the plaintiff and the particular defendant named in the suit. See Kentucky v. Graham, 473 U.S.159, 166 (1985); Rizzo v. Good, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury resulting from a specific defendant's specific conduct and must show an affirmative link between the injury and that conduct). Accordingly, Wolfe's objections are denied.

As to the Defendants' objection, the Report recommends Lee Defendants McCullough, Gregg, Moore, Moses, Rogers, and Privette's motion for summary judgment be denied because there are disputed facts with relation to why Plaintiff was initially placed in Special Management Unit ("SMU") in 2016, whether or not Plaintiff was entitled to a hearing, whether or not excessive force was used while being moved to SMU on June 13, 2016, and whether or not the conditions of his confinement and/or indifference to harm when placed in SMU cell #31 was such that it resulted in physical and emotional injury.

Defendants object to the Report and Recommendation because they contend Plaintiff's statements supporting his claims are conclusory; and therefore, they are insufficient to create a genuine issue of material fact to preclude summary judgment. (DE 513.) The Court disagrees. "The court may grant summary judgment only if it concludes that the evidence could not permit a reasonable jury to return a favorable verdict. "Therefore, courts must view the evidence in the light most favorable to the nonmoving party and refrain from weighing the evidence or making credibility determinations." Variety Stores, Inc. v. Wal-Mart Stores, Inc., 888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted and alterations adopted). A court improperly weighs the evidence if it fails to credit evidence that contradicts its factual conclusions or fails to draw reasonable inferences in the light most favorable to the nonmoving party. Id. at 659-60. The Report ably identifies material facts in dispute that are either corroborated by Defendants own records or there is no evidence to refute Plaintiff's claims in his declaration with accompanying exhibits. Therefore, Defendants have not met their burden on summary judgment. Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

**IT IS, THEREFORE, ORDERED** that the Lieber Defendants to include Defendants Clark, Mack, Brightharp, Grant, Kline, Kinnery, Rice, and Williams' Motion for Summary Judgment is granted; and therefore, Plaintiff's claims against them are dismissed.

**IT IS FURTHER ORDERED** that Lee Defendants Reynolds, Sharp, O'Neal, Sharpe, Delp, Smith, and Hastie **AND** Defendant Richardson's Motions for Summary Judgment are granted; and therefore, Plaintiff's claims against them are dismissed.

**AND IT IS ORDERED** that Lee Defendants McCullough, Gregg, Moore, Moses, Rogers, and Privette's Motion for Summary Judgment is denied.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
August 5, 2021

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.